# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LEE McCORKER, (#N73107), | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 17 C 5613 |
| v. | ) |
| | ) |
| JACQUELINE LASHBROOK, Warden, | ) |
| Menard Correctional Center, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Lee McCorker's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254(d)(1). For the following reasons, the Court denies Petitioner's habeas petition and declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).[1] [R. 1.]

## BACKGROUND

When considering § 2254 habeas petitions, federal courts must presume as correct the factual findings made by the last state court to decide the case on the merits unless the habeas petitioner rebuts those findings by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Hicks v. Hepp,* 871 F.3d 513, 525 (7th Cir. 2017). Where Petitioner has not provided clear and convincing evidence to rebut this presumption, the following factual background is based on the Illinois Appellate Court's findings in *People v. McCorker,* No. 1-11-1155, 2013 WL 3148996

---

[1] Petitioner's reply brief was due on or before January 17, 2018. To date, Petitioner has failed to file his reply brief, although he filed a motion to amend his habeas petition that the Court addresses in this ruling.

(1st Dist. June 18, 2013) (unpublished); *People v. McCorker,* No. 1-14-3624, 2016 IL App (1st) 1423624-U (1st Dist. July 11, 2016) (unpublished).

I.  **Factual Background**

Evidence at Petitioner's jury trial in the Circuit Court of Cook County revealed that at about 10:30 p.m. on May 11, 2008, Petitioner and his girlfriend Beth Pickett were arguing in an alley when Petitioner punched Pickett in the stomach and face. Pickett then fell to the ground and appeared unconscious. Thereafter, Petitioner braced himself against a fence with both hands and forcibly kicked Pickett in the face eight or more times with the heel of his shoe. Petitioner walked away, but when Pickett made a gurgling noise, he returned to her and repeatedly stomped on her head and face with his foot. Again, Petitioner walked away leaving Pickett lying on the ground in the alley. Shortly before midnight, Petitioner went to his father and told him "I think I killed Beth." The following morning, Petitioner went to the police station with his father and turned himself in for Pickett's murder.

After his jury trial and conviction, the Circuit Court of Cook County Judge held a sentencing hearing. In aggravation, the State submitted three victim impact statements from Pickett's family and certified copies of Petitioner's prior convictions for armed robbery and aggravated criminal sexual assault. The State argued that Petitioner's actions were mean, vicious, and violent and that he should be sentenced to life in prison. In mitigation, defense counsel presented a portion of the video from Petitioner's police interrogation showing him crying and argued that Petitioner was truly remorseful. Defense counsel further highlighted several notations in Petitioner's presentence investigation report, including that he grew up with "an abusive mother and a drug-dealing father," and that he was removed from his mother's care and raised by his father due to her abuse. In addition, defense counsel stated that Petitioner was

2

receiving psychiatric treatment and taking two antidepressant medications. Defense counsel also argued that Petitioner started using drugs when he was 17-years-old and tried to stop, but began using crack cocaine again when he met Pickett. After the sentencing hearing, the Circuit Court concluded that Petitioner had led a criminal life involving considerable violence and sentenced him to a term of 50 years in prison.

## II.     Procedural Background

On direct appeal to the Illinois Appellate Court, Petitioner, by counsel, argued that his sentence was excessive based on the sentencing court's improper weighing of mitigating and aggravating factors in violation of the Illinois Constitution and Illinois case law. Petitioner moved for leave to file a pro se supplemental brief arguing that: (1) he was denied his constitutional right to a fair trial when the trial court refused to give jury instructions on self-defense; (2) his trial counsel was constitutionally ineffective for failing to preserve the issue of the self-defense jury instructions in his post-trial motions; (3) his trial counsel was ineffective for failing to present the affirmative defense of self-defense; and (4) he was denied his constitutional right to a fair trial due to the prosecution's inflammatory and erroneous statements made in opening and closing arguments.

The Illinois Appellate Court denied Petitioner leave to file his pro se supplemental brief because he was represented by counsel on appeal. Further, the Illinois Appellate Court held that Petitioner had forfeited review of his claim that his sentence was excessive because he did not file a motion to reconsider his sentence and did not establish plain error. Petitioner then filed a pro se petition for rehearing that the Illinois Appellate Court denied on August 15, 2013. Thereafter, Petitioner filed a pro se petition for leave to appeal ("PLA") to the Supreme Court of Illinois bringing the claims he asserted in his motion for leave to supplement his counseled

appellate brief. The Supreme Court of Illinois denied Petitioner's direct appeal PLA on January 29, 2014.

On August 22, 2014, Petitioner filed a pro se post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq*. In his post-conviction petition, Petitioner argued that his appellate counsel was constitutionally ineffective for failing to argue that trial counsel was ineffective because he did not: (1) preserve the claim that the trial court erred in denying his request for self-defense jury instructions; (2) object to the prosecution's use of inflammatory and egregious statements made during opening and closing arguments; and (3) fully develop a self-defense affirmative defense.

The Circuit Court of Cook County dismissed the pro se post-conviction petition as frivolous and patently without merit. *See* 725 ILCS 5/122-2.1(2). After Petitioner appealed the dismissal of his post-conviction petition, on February 23, 2016, his appointed appellate counsel filed a motion for leave to withdraw pursuant to *Pennsylvania v. Finley,* 481 U.S. 551, 107 S. Ct. 1990, 95 L.Ed.2d 539 (1987). Petitioner filed a pro se response to counsel's *Finley* motion in which he included a new claim, namely, that his trial counsel rendered ineffective assistance of counsel for not pursuing an insanity defense. The Illinois Appellate Court permitted counsel to withdraw and affirmed the denial of Petitioner's post-conviction petition. Petitioner then filed a post-conviction PLA with the Supreme Court of Illinois arguing that his trial counsel was constitutionally ineffective for failing to assert an insanity defense. On November 23, 2016, the Supreme Court of Illinois denied Petitioner's post-conviction PLA.

**III.     Habeas Petition**

On July 31, 2017, Petitioner filed the present pro se petition for a writ of habeas corpus. Construing Petitioner's pro se allegations liberally, *see Echols v. Craig,* 855 F.3d 807, 812 (7th

Cir. 2017), he asserts that: (1) his sentence is excessive based on the sentencing court's improper weighing of mitigating and aggravating factors; and (2) his trial counsel was constitutionally ineffective for failing to raise an insanity defense. In his supplemental motion, Petitioner asserts that he was denied his constitutional right to a fair trial when the trial court refused to give jury instructions on self-defense.

## LEGAL STANDARDS

### I. Habeas Relief

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court cannot grant habeas relief unless the state court's decision was contrary to, or an unreasonable application of federal law clearly established by the Supreme Court. *See Williams v. Taylor,* 529 U.S. 362, 402-03, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000); *Pinno v. Wachtendorf*, 845 F.3d 328, 331 (7th Cir. 2017). The Supreme Court has explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams,* 529 U.S. at 405. Under the "unreasonable application" prong, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *Id.* at 407. "Needless to say, the AEDPA standard of review is a difficult standard, and it was meant to be." *Baer v. Neal*, ___ F.3d ___, 2018 WL 358029, at *4 (7th Cir. Jan. 11, 2018).

### II. Exhaustion and Procedural Default

"A federal habeas corpus petitioner is required to exhaust his available state remedies before seeking federal relief." *Lisle v. Pierce,* 832 F.3d 778, 785 (7th Cir. 2016) (citing 28

U.S.C. § 2254(b)(1)(A)). "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, is the duty to fairly present his federal claims to the state courts." *King v. Pfister,* 834 F.3d 808, 815 (7th Cir. 2016) (citation omitted). More specifically, a habeas petitioner must fully and fairly present his federal claims through one full round of state court review before he files his federal habeas petition. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999). If a habeas petitioner fails to fully and fairly present his federal claims through one full round of state court review, he has procedurally defaulted his claims. *Tabb v. Christianson,* 855 F.3d 757, 765 (7th Cir. 2017). Also, "a federal court may not review federal claims that were procedurally defaulted in state court – that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). Procedural default precludes federal courts from reviewing the merits of a petitioner's habeas claims. *Thomas v. Williams,* 822 F.3d 378, 384 (7th Cir. 2016).

A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice or by showing that the federal court's failure to consider the claim would result in a fundamental miscarriage of justice. *See House v. Bell,* 547 U.S. 518, 536, 126 S. Ct. 2064, 165 L.Ed.2d 1 (2006). The Supreme Court defines cause sufficient to excuse procedural default as "some objective factor external to the defense" which prevents a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier,* 477 U.S. 478, 492, 106 S. Ct. 2639, 91 L.Ed.2d 397 (1986); *Johnson v. Foster,* 786 F.3d 501, 505 (7th Cir. 2015). Prejudice means actual prejudice infecting the "entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (citation omitted). A fundamental miscarriage of justice occurs when a habeas petitioner establishes that "a constitutional violation has probably resulted

in the conviction of one who is actually innocent." *Id.* at 496; *see also Hicks v. Hepp,* 871 F.3d 513, 531 (7th Cir. 2017).

## ANALYSIS

### I. Procedural Default

Respondent argues that Petitioner's excessive sentence claim is procedurally barred based on the Illinois Appellate Court's determination that Petitioner had "forfeited" this claim for failing to file a motion to reconsider his sentence with the trial court. To clarify, "federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment[.]" *Richardson v. Griffin,* 866 F.3d 836, 842 (7th Cir. 2017) (citation omitted). "To be 'adequate,' a state-law ground must be 'a firmly established and regularly followed state practice at the time it is applied.'" *Donelson v. Pfister,* 811 F.3d 911, 917 (7th Cir. 2016) (citation omitted); *see also Crockett v. Butler,* 807 F.3d 160, 167 (7th Cir. 2015) (federal courts "ask whether the rule invoked was 'firmly established and regularly followed.'") (citation omitted). A state law ground is independent "when the court actually relied on the procedural bar as an independent basis for its disposition of the case." *Lee v. Foster,* 750 F.3d 687, 693 (7th Cir. 2014) (citation omitted). It is well-established under Illinois law that a defendant forfeits appellate review of his sentencing claim if he fails to include it in a motion to reconsider the sentence. *See People v. Fort*, ___ N.E.2d ___, 2017 WL 651954, at *3 (Ill. Feb. 17, 2017) (citing Ill. S.Ct. R. 615(a)). Moreover, the Illinois Appellate Court relied on Petitioner's forfeiture in its decision affirming his conviction and sentence. Therefore, Petitioner has procedurally defaulted his first habeas claim.

7

Second, Respondent argues that Petitioner procedurally defaulted his habeas claim that trial counsel rendered ineffective assistance of counsel for failing to raise an insanity defense because he did not raise this claim in one complete round of state court review. *See Hicks*, 871 F.3d at 530 ("petitioner must 'fairly present' his constitutional claims through at least one complete round of the state's established appellate review process before presenting the claims to a federal court for habeas review."). Specifically, although Petitioner made this argument in his *Finley* response brief and his post-conviction PLA to the Supreme Court of Illinois, he did not raise it in his post-conviction petition to the trial court in the first instance. *See Smith v. Gaetz,* 565 F.3d 346, 352 (7th Cir. 2009) (habeas petitioner is "required to raise the claim at each level of state court review: in his initial post-conviction petition before the trial court, in his appeal to the Illinois Appellate Court, and in his Petition for Leave to Appeal (PLA) to the Illinois Supreme Court"). Therefore, Petitioner's ineffective assistance claim based on the insanity defense is procedurally defaulted.

Likewise, Petitioner's habeas claim that that he was denied his constitutional right to a fair trial when the trial court did not give self-defense jury instructions is procedurally defaulted because the Illinois Appellate Court rejected this argument on independent and adequate state law grounds. In particular, the Illinois Appellate Court did not consider this argument because Petitioner raised it in his pro se supplemental appellate motion that the Illinois Appellate Court rejected because Petitioner was represented by counsel. *See People v. Williams,* 97 Ill. 2d 252, 267 (1983) (Under Illinois law "a defendant has no right to both self-representation and the assistance of counsel"); *see also People v. Serio,* 357 Ill.App.3d 806, 815 (2d Dist. 2005) ("An accused has the right either to have counsel represent him or to represent himself; but a defendant has no right both to self-representation and the assistance of counsel"). As the

Seventh Circuit recently explained, "the state appellate court applied its general rule that hybrid representation is disfavored and declined to accept [petitioner's] pro se brief because he was represented by counsel. That was an independent and adequate state ground of decision and precludes federal habeas review[.]" *Clemons v. Pfister,* 845 F.3d 816, 820 (7th Cir. 2017). Petitioner has therefore procedurally defaulted this claim.

In order for the Court to reach the merits of these procedurally defaulted claims, Petitioner must demonstrate cause for the default and actual prejudice or show that the Court's failure to consider the claim would result in a fundamental miscarriage of justice. Although "[m]eritorious claims of ineffective assistance can excuse a procedural default," the ineffective assistance of counsel claims "must themselves be preserved." *Richardson v. Lemke,* 745 F.3d 258, 272 (7th Cir. 2014). In other words, Petitioner cannot use his claims of ineffective assistance of counsel to excuse his procedural default because the Illinois Appellate Court concluded that he had forfeited these claims for failing to raise them on direct appeal. *See Bolton v. Akpore,* 730 F.3d 685, 697 (7th Cir. 2013); *Promotor v. Pollard,* 628 F.3d 878, 887 (7th Cir. 2010). In any event, Petitioner does not argue cause and prejudice nor does he argue that the fundamental miscarriage of justice exception applies under the circumstances. Accordingly, the Court does not reach the merits of these habeas claims.

**II.    Non-Cognizable Claim**

Moreover, Petitioner's first habeas claim that his sentence was excessive in violation of the Illinois Constitution and Illinois case law also fails because it is not cognizable on habeas review. As the Seventh Circuit instructs, "[f]ederal habeas corpus relief is not available to correct perceived errors of state law." *Crockett v. Butler,* 807 F.3d 160, 168 (7th Cir. 2015); *see also Estelle v. McGuire,* 502 U.S. 62, 67, 112 S. Ct. 475, 116 L.Ed.2d 385 (1991) ("habeas

9

corpus relief does not lie for errors of state law"). Simply put, Petitioner's argument focuses on the state court's violation of state – not federal – law. *Wilson v. Corcoran,* 562 U.S. 1, 5, 131 S. Ct. 13, 178 L.Ed.2d 276 (2010) ("it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts") (emphasis in original). As such, Petitioner's excessive sentence claim is not cognizable on collateral review, and thus the Court cannot determine the merits of this claim. *See King,* 834 F.3d at 814 ("[i]t is well-established that on habeas review, a federal court cannot disagree with a state court's resolution of an issue of state law").

### III. Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in the present ruling. Simply put, a habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S. Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Flores-Ramirez v. Foster,* 811 F.3d 861, 865 (7th Cir. 2016) (per curiam). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El,* 537 U.S. at 336; 28 U.S.C. § 2253(c)(2). In cases where a district court denies a habeas claim on procedural grounds, a certificate of appealability should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would

find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 485, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000).

Here, Petitioner has not established that reasonable jurists would debate that his claim based on Illinois sentencing law is not cognizable on habeas review. In addition, a reasonable jurist would not conclude the Court erred in ruling that Petitioner had procedurally defaulted habeas claims based on his excessive sentence, the alleged ineffective assistance of counsel, and the self-defense jury instructions. *See id.* at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case," the claim is not debatable). As such, the Court declines to certify any issues for appeal. *See* 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court denies Petitioner's petition for a writ of habeas corpus and declines to certify any issues for appeal. *See* 28 U.S.C. §§ 2253(c)(2), 2254(d)(1).

**Dated:** January 26, 2018

                        ENTERED

                        **AMY J. ST. EVE**
                        **United States District Judge**